UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL J. WAPPLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:05-cv-90 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| MATTHEW J. BREVARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. The Court has conducted an initial review of the Complaint pursuant to 28 U.S.C. §§1915(e),1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon initial review, the Court concludes that the Complaint is not frivolous and states at least one cognizable claim. However, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies as to fourteen of the eighteen named Defendants, the Court will dismiss his Complaint without prejudice against

these fourteen Defendants. The Court has determined that Plaintiff has exhausted his administrative remedies as to the remaining four Defendants. Because Count I of Plaintiff's Complaint is brought only against Defendants who will be dismissed, the Court will dismiss Count I.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated at the Marquette Branch Prison. He complains of events that occurred while he was housed at the Southern Michigan Correctional Facility (JMF), and later, the Muskegon Correctional Facility (MCF). In his *pro se* Complaint, he sues eighteen defendants who are either JMF, MCF, or Michigan Department of Corrections ("MDOC") employees.

While housed at JMF, pursuant to MDOC policy, Plaintiff made a written request to the mail room supervisor that his legal mail be opened in his presence. Plaintiff claims that on several occasions his legal mail was opened outside his presence or left with his cell mate when Plaintiff was not in his cell at the time of delivery. More specifically, he received a letter postmarked December 27, 2001, from the United States District Court for the Eastern District of Michigan that contained an Order to Show Cause in a case pending in that district. Plaintiff was not in his cell when the mail was delivered, and the officer left it with Plaintiff's cell mate. Plaintiff never received the Order. Although Plaintiff grieved the matter through Step III, he did not name a particular staff member in the grievance. (Grievance JMF 02-01-00152-152).

On April 11, 2002, Plaintiff was transferred to the MCF. Plaintiff arrived with a duffel bag containing legal papers and documents pertaining to his pending cases. Defendant Hocking seized the bag and the contents, and represented to Plaintiff that a hearing would be held

to determine if the legal papers should be returned to Plaintiff. On April 13, 2002, Plaintiff initiated the first of several requests to his case manager, Defendant Barbier, to assist him in getting his papers returned. On May 9, 2002, Plaintiff learned that a Notice of Intent to conduct a hearing had not been submitted to the hearing investigator. On May 15, 2002, Defendants Hurlburt and Hocking returned the seized duffel bag and its contents to Plaintiff. Plaintiff discovered that in one of his pending cases the deadline had passed for filing an appeal to the Sixth Circuit.[1] On May 16, 2002, Defendant Hocking filed a Notice of Intent to hold a hearing, and, pursuant to the Notice of Intent, Plaintiff's legal papers were again seized on June 18, 2002. Plaintiff grieved the matter through Step III, naming Defendants Hurlburt and Hocking (Grievance MCF 02-05-00407-07B). The hearing was held on June 19, 2003, and Plaintiff's legal papers were immediately returned to Plaintiff.

Plaintiff also had a subscription to Maxim magazine. He authorized a disbursement of $3.00 from his funds as partial payment for a subscription renewal. Defendant Mikkelsen approved the disbursement. On October 17, 2002, Defendant Tucker returned Plaintiff's mailing to Maxim, noting "subscriptions must be paid in full." On October 24, 2002, Plaintiff sent a letter to Maxim explaining why it had not received Plaintiff's partial payment. Plaintiff believes that Defendant Tucker intercepted the letter, as Plaintiff did not receive a reply and the magazine was not renewed. Plaintiff filed a grievance regarding the "censorship" of his outgoing mail (Grievance MCF 02-10- 00893- 28A), and a second grievance challenging the MDOC's refusal to allow him to use the money in his account (Grievance MCF 02-10-00894-01Z). He named Defendant Tucker

---

[1] *Wappler v. Pizzini*, case no. 00-cv-70804 (E.D. Mich.).

in the first grievance, but no specific person in the second grievance. He pursued both grievances through Step III.

On January 23, 2003, a law firm representing Plaintiff in *Wappler v. Pizzini*, 00-cv-70567 (E.D. Mich.) mailed to Plaintiff by priority mail documents requiring Plaintiff's signature, pre-posted return envelopes addressed to the law firm, and an overnight mail envelope. The mailing showed it was from a law firm, and was marked "private and confidential." On February 4, 2003, Defendant Tucker opened the mailing outside of Plaintiff's presence. Plaintiff was called to Defendant Mikkelsen's office on February 11, 2003, and served with a notice of mail rejection. Plaintiff requested a hearing on the rejection, and immediately sought the help of Marilyn Harris, who is not a defendant in this case, who suggested to Defendant Tucker that Plaintiff be allowed, in the presence of staff, to return the documents to his attorney in the overnight envelope. Defendant Mikkelsen failed to send a notice of mail rejection to Plaintiff's attorney, and failed to conduct the hearing Plaintiff had requested. Plaintiff filed a grievance regarding Defendant Tucker's opening, reading, and rejecting Plaintiff's legal mail (Grievance MCF 03-02-00154-027C), and a grievance against Defendant Mikkelsen for failing to hold a hearing (Grievance MCF 03-02-00155 07A). He appealed both grievances through Step III. On March 13, 2003, while Plaintiff's grievance against Defendant Tucker was pending, Plaintiff received notice that Defendant Tucker had disposed of the legal mail from his attorney.

On February 21, 2003, a second piece of Plaintiff's legal mail was opened outside of Plaintiff's presence and delivered to Plaintiff unsecured. He grieved the incident through Step III (Grievance MCF 03-02-00176-28A). No individual was named in the grievance.

Defendants Cason and Brevard placed Plaintiff on modified access to the MCF grievance process from April 16 to July 16, 2003. Defendant Brevard ignored eight requests from Plaintiff for grievance forms, and informed Plaintiff he could not grieve being placed on modified access status. Plaintiff wrote two letters regarding the situation to the Civil Service Commission, which Defendant Tucker or Doe intercepted and returned to Plaintiff for the reason that the MDOC had a grievance process. Plaintiff filed a grievance alleging staff corruption (Grievance MCF 148083-28e) which Defendant Armstrong refused to process. When Plaintiff was removed from modified access status, he filed a grievance against Defendant Brevard for failing to respond to Plaintiff's requests for grievance forms (Grievance MCF 03-07-00585-28H). The grievance was denied through Step III. Plaintiff discovered that a Step III appeal concerning one of his grievances had not been received by Director Caruso. Defendant Brevard asked Plaintiff to sign off on that particular grievance, and Plaintiff declined. The following week, Plaintiff was transferred to the Riverside Correctional Facility, and never received a response, receipt or tracking number pertaining to the missing Step III grievance. Plaintiff filed a staff corruption grievance directly with Director Caruso, but never received a response or receipt.

Plaintiff filed a ten-count Complaint against Defendants seeking compensatory and punitive damages and an injunction requiring Defendants to change the policies of the MDOC regarding prisoners' mail.

  II. <u>Lack of exhaustion of available administrative remedies</u>

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies with regard to fourteen Defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust

available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Plaintiff filed grievances concerning each of the issues he raises in his lawsuit. However, a prisoner must also "administratively exhaust his . . . claim as to each defendant associated with the claim." *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir.2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process." *Burton*, 321 F.3d at 574.

A review of the grievances Plaintiff has submitted shows that in many of his grievances he failed to name a specific individual, and he has named only Defendants Hurlburt, Hocking, Tucker, and Brevard at Step I of various grievances. Thus, Plaintiff has failed to exhaust his administrative remedies as to the remaining fourteen Defendants.

Because Plaintiff's claims contain both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. The Sixth Circuit recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805. The Court has reviewed the *Jones Bey* decision and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law. It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court en banc consideration is required to overrule a published opinion of the court") (quoting 6th Cir. R. 206(c)).

In this case, the prior decision is *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *Hartsfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed

without prejudice and exhausted claims should be allowed to proceed and be determined on the merits. Upon review of the cases, the Court finds that *Hartsfield* did address this issue and allowed for partial exhaustion, albeit not in as direct language as the *Jones Bey* panel. However, the intention of the *Hartsfield* panel to allow for partial exhaustion is clear. Additionally, following *Hartsfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits).

Since the *Jones Bey* decision, other cases have been decided which illustrate the error of the *Jones Bey* decision on policy grounds. *See Ortiz v. McBride*, 380 F.3d 649, 657-63 (2nd Cir. 2004) (finding that it is appropriate to proceed with exhausted claims but dismiss unexhausted claims in prisoner civil rights actions ); *see also Leascock v. City of New York*, 2005 WL 323723 at *3 (S.D.N.Y. Feb. 10, 2005) (unpublished) (considering *Ortiz* and companion cases); *Boyd v. Pugh*, No. Civ. 3:CV-04-1761, 2005 WL 1430087 at *2 (M.D. Pa. June 17, 2005) (declining to follow the "total exhaustion" rule); *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577 (W.D. Wash. May 19, 2005) (addressing the split of district courts within the Ninth Circuit and declining to apply a total exhaustion rule).

Therefore, this Court will follow the precedent set by *Hartsfield* until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to prisoner civil rights actions.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim

that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield*, 199 F.3d at 309 (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).  However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit."  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  The administrative process must be complete before the prisoner files an action in federal court.  *Id.* Accordingly, the Court must dismiss the Complaint against the fourteen Defendants not named at Step I of the grievance process, which includes: Defendants Caruso, Cason, Powell, Armstrong, Unknown Party "Lisa Doe," Barbier, Rabbitt, Rubley, Schottey, Odmark, Burt, Becker, Huffman, and Unknown Parties "John and/or Jane Doe(s)."  Because Count I of Plaintiff's Complaint is brought solely against Defendants not named at Step I of the grievance process, Count I is unexhausted and must be dismissed.

### III.  Counts II through X

Upon initial review, the Court concludes that Counts II through X are not frivolous and state at least one cognizable claim.

**CONCLUSION**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss this action without prejudice against Defendants Caruso, Cason, Powell, Armstrong, Unknown Party "Lisa Doe," Barbier, Rabbitt, Rubley, Schottey, Odmark, Burt, Becker, Huffman, and Unknown Parties "John and/or Jane Doe(s)" because Plaintiff has failed to exhaust his claims against these Defendants; further, the Court will dismiss Count I of the Complaint for failure to exhaust. This Court will order service of the Complaint on Defendants Brevard, Hurlburt, Hocking and Tucker.

A Partial Judgment and Order consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
October 19, 2005  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE