UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL J. WAPPLER,

      Plaintiff,

Case No. 4:05-CV-90

v.

Hon. Richard Alan Enslen

MATTHEW J. BREVARD, *et al.*,

**ORDER**

      Defendant.
_____/

      Defendants Matthew J. Brevard and M.A. Hocking have filed an appeal and an objection. The appeal relates to denial of a protective order to stay discovery by United States Magistrate Judge Ellen S. Carmody. The objection relates to Magistrate Judge Carmody's Report and Recommendation of April 6, 2006, denying dismissal of exhausted claims under the "total exhaustion rule"–*i.e.,* a purported rule of the Circuit mandating dismissal of exhausted claims when a *pro se* prisoner plaintiff had originally included unexhausted claims with the exhausted ones. Both matters turn on the application of the "total exhaustion rule"–since the argument for staying discovery is because of such rule. This subject is a routine legal matter which does not require oral argument. *See* W.D. Mich. L. Civ. R. 7.2(d), 72.3(b).

      Defendants' arguments are premised on the recent decision of the Sixth Circuit Court of Appeals in *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. Mar. 13, 2006), which stated, like the Sixth Circuit's earlier decision in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that at least some panels of the Sixth Circuit employ the "total exhaustion rule" and require compliance with the rule by district courts. While this is agreed, the Sixth Circuit has not definitely resolved this question for

two reasons. First, the Sixth Circuit has not resolved the question by an *en banc* decision and until it does, it may be argued to good force that both the *Rinard* and *Jones Bey* decisions are void because they contradict the first and binding decision of the Circuit in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999)–even though such later panels do not agree with that contention. Second, while the *Rinard* panel was requiring consistency with *Jones Bey* and not *Hartsfield*, it was oblivious to the United States Supreme Court's decisions in *Jones v. Bock*, No. 05-7058, 126 S. Ct. 1462 (U.S. Mar. 6, 2006) and *Williams v. Overton,* No. 05-7142, 126 S. Ct. 1463 (U.S. Mar. 6, 2006) which granted certiorari to consider like panels' application of the rule. The grant of certiorari (on cases with compelling facts) indicates the agreement of at least four justices of the Supreme Court that the Sixth Circuit's exercise of the rule, contrary to the recent practice of other circuits, should be carefully reviewed. Further, the fact that the Supreme Court chose to review cases from the Sixth Circuit, as opposed to cases from the multiple circuits exercising the contrary rule, indicates that relief may be specifically directed as to the Sixth Circuit's practice. If the Circuit's own experience as to the *Booker* and *Apprendi* issues is any guide, then the district courts must be careful to decide interim cases in a manner to afford substantial justice in light of the pending Supreme Court challenges and not delay the adjudication of legitimate causes or otherwise interfere with the Supreme Court's exercise of its jurisdiction. In other words, the exercise of the "partial exhaustion rule" while the Supreme Court decides this issue is, as a prudential matter, the best method for protecting the Supreme Court's jurisdiction over these cases. *Cf. United States v. Henningsen*, 387 F.3d 585, 591 (7th Cir. Oct. 15, 2004) (staying mandate in sentencing case while the Seventh Circuit awaited a ruling by the Supreme Court in *Booker*).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Matthew J. Brevard and M.A. Hocking's Objection to (appeal of) Order Denying Motion to Stay Discovery (Dkt. No. 56) is **DENIED** and said Order (Dkt. No. 47) is **AFFIRMED** as not clearly erroneous or contrary to law.

**IT IS FURTHER ORDERED** that Defendants Matthew J. Brevard and M.A. Hocking's Objection to the Report and Recommendation (Dkt. No. 57) is **DENIED**, the Report and Recommendation (Dkt. No. 48) is **ADOPTED**, and the underlying Motion to Dismiss (Dkt. No. 17) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>　　　May 15, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |