UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WAPPLER,

    Plaintiff,                                      Hon. Richard Alan Enslen

v.                                               Case No. 4:05 CV 90

MATTHEW BREVARD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Defendant Hocking, (dkt. #79), and Defendant Hocking's Rule 56(b) Motion for Summary Judgment, (dkt. #112). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Plaintiff's motion be **denied** and Defendant Hocking's motion **granted**. The undersigned further recommends that Plaintiff's claims against Defendant Hulbert be **dismissed**.

## BACKGROUND

In his second amended complaint, Plaintiff asserts a variety of claims against several defendants. With respect to Plaintiff's claims against Defendants Hocking and Hulbert, the following allegations are contained in Plaintiff's second amended complaint. On April 11, 2002, Plaintiff was transferred to the Muskegon Correctional Facility (MCF). (Dkt. #89 at ¶ 45). The following day,

Defendants Hocking and Hulbert seized one of Plaintiff's duffel bags, in which his legal papers were located. *Id.* at ¶¶ 46-50. Plaintiff objected to the seizure of his legal materials. *Id.* at ¶ 51. Defendant Hocking told Plaintiff that a hearing regarding the seized material would be conducted. *Id.* at ¶ 52. Despite repeated requests by Plaintiff for the return of his property, a hearing regarding the confiscation of his property was never held. *Id.* at ¶¶ 53-59. On May 15, 2002, Defendants Hocking and Hulbert returned Plaintiff's legal materials. *Id.* at ¶ 60. Upon the return of his legal materials, Plaintiff realized that the deadline for filing an appeal in a civil rights action he was litigating had passed. *Id.* at ¶ 61.

Plaintiff asserts that Defendants Hocking and Hulbert violated his First and Fourteenth Amendment right to access the courts, as well as his Fourth Amendment right to be free from unreasonable search and seizure. *Id.* at ¶¶ 179-80. Plaintiff now moves for summary judgment as to his claims against Defendant Hocking. Defendant Hocking has likewise moved for summary judgment. As discussed below, the Court concludes that Plaintiff's claims against both Defendant Hocking and Hulbert must be dismissed.

## STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to

a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989).

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252. Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.     Denial of Access to the Courts Claim**

It is well established that prisoners possess a constitutional right to access the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). This is not a generalized "right to litigate," however, but a right which extends only to direct appeals, habeas corpus applications, and civil rights claims. *See Thaddeus-X*, 175 F.3d at 391. Furthermore, to

establish a violation of this right, the prisoner must establish that "he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Thomas v. Rochell*, 47 Fed. Appx. 315, 317 (6th Cir., Sep. 18, 2002) (citing *Lewis*, 518 U.S. at 349-51); *see also*, *Colvin v. Schaublin*, 113 Fed. Appx. 655, 658 (6th Cir. Sep. 21, 2004) ("plaintiff must prove that defendants are personally responsible for the alleged unconstitutional actions that caused his injury"). Because Plaintiff cannot establish that he suffered a litigation-related injury or, furthermore, that any such injury he may have suffered was actually caused by Defendants Hocking or Hulbert, Plaintiff's denial of access to the courts claims must fail.

On February 14, 2000, Plaintiff and his wife, *both of whom were represented by counsel*, initiated a civil rights lawsuit in the United States District Court for the Eastern District of Michigan. *Wappler v. Gorcyca*, No. 00-cv-70804 (E.D. Mich.). On March 5, 2000, Magistrate Judge Donald A. Scheer issued a Report recommending that Plaintiff's action be dismissed. On March 26, 2002, the Honorable Arthur J. Tarnow entered an Order and Judgment rejecting Plaintiff's objections, adopting the Report and Recommendation, and dismissing Plaintiff's action. It is important to note that Plaintiff was represented by counsel throughout the course of this action. In fact, Plaintiff, *through counsel*, filed a pleading in the district court on March 29, 2002, three days after his case was dismissed. Furthermore, Plaintiff has presented no evidence indicating that his attorney discontinued his representation of Plaintiff following the dismissal of his case.

Plaintiff alleges that as a result of Defendants' actions he was denied the opportunity to appeal Judge Tarnow's decision. However, Plaintiff has not demonstrated that his opportunity to appeal this decision was denied. Furthermore, even assuming that Plaintiff is unable to now appeal this decision, such is the result of inaction by Plaintiff, Plaintiff's wife, and Plaintiff's attorney.

Plaintiff acknowledges that he received a copy of Judge Tarnow's decision "on or about March 30, 2002," almost two weeks *before* he was transferred to MCF and, therefore, before his legal materials were seized. (Dkt. #81 at 16). To appeal Judge Tarnow's decision, Plaintiff was required to file a notice of appeal with the United States District Court for the Eastern District of Michigan. Fed. R. App. P. 3(a)(1). The time period within which Plaintiff was required to file a notice of appeal was thirty (30) days after the challenged judgment or order. Fed. R. App. P. 4(a)(1)(A). However, the Federal Rules of Appellate Procedure expressly instruct litigants that they may request an extension of time within which to file a notice of appeal. Specifically, the Rules provide that

> (5) Motion for Extension of Time
> 
> > (A) The district court may extend the time to file a notice of appeal if:
> > 
> > > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> > > 
> > > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Plaintiff received a copy of Judge Tarnow's decision almost two weeks before his transfer to MCF. Plaintiff could have filed a notice of appeal prior thereto. Moreover, Plaintiff has not alleged that during the time he was denied his legal materials he was prevented from communicating with the court, his wife, or his attorney. Thus, despite the confiscation of his legal materials, Plaintiff was not deprived of the ability to (a) file a notice of appeal, request an extension of time, or at least instruct the court of his circumstance, or (b) communicate with his wife or attorney, instructing them to file a notice of appeal, request an extension of time, or explain to the court Plaintiff's circumstance.

Finally, as noted above, Plaintiff acknowledges that his legal materials were returned to him on May 15, 2002. As of that date, Plaintiff still had nine (9) days within which to timely request an extension of time to file a notice of appeal. Had Plaintiff acted with reasonable diligence he could have timely requested an extension of time within which to file his notice of appeal. Because Plaintiff failed to seek such relief (and still has never requested leave to appeal based upon the circumstances alleged in his second amended complaint), Plaintiff has not established that he suffered an actual litigation related injury. In other words, Plaintiff cannot establish that he was prevented from appealing Judge Tarnow's decision because there is no evidence that he ever attempted to appeal that decision. Plaintiff's claim that he was prevented from appealing Judge Tarnow's decision is nothing more than speculation. However, even if it is assumed that Plaintiff has suffered an actual litigation related injury, as discussed above Plaintiff cannot establish that such resulted from Defendants' actions. Accordingly, the Court recommends that Plaintiff's denial of access to the courts claims against Defendants Hocking and Hulbert be dismissed.

**II.        Fourth Amendment Claims**

Plaintiff asserts that the confiscation of his legal materials violated his Fourth Amendment rights. The Fourth Amendment protects only against *unreasonable* searches and seizures. As is well recognized, however, because inmates have no reasonable expectation of privacy, the Fourth Amendment offers no protection from searches and seizures of the type herein alleged. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (an inmate "does not have a reasonable expectation of privacy enabling him to invoke the protections of the Fourth Amendment"); *Samson v. California*, 126 S.Ct. 2193, 2197 (2006) (reaffirming that "prisoners have no reasonable expectation of privacy").

Accordingly, the undersigned recommends that Plaintiff's Fourth Amendment claims against Defendants Hocking and Hulbert be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Partial Summary Judgment as to Defendant Hocking</u>, (dkt. #79), be **denied** and <u>Defendant Hocking's Rule 56(b) Motion for Summary Judgment</u>, (dkt. #112), be **granted**. The undersigned further recommends that Plaintiff's claims against Defendant Hulbert (which are identical to those asserted against Defendant Hocking) likewise be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: September 28, 2006          /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge