UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. WAPPLER,

    Plaintiff,             Hon. Richard Alan Enslen

v.                           Case No. 4:05-CV-90

MATTHEW J. BREVARD, *et al.*,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Request for a Temporary Restraining Order and a Preliminary Injunction. As discussed below, Plaintiff's motion is **denied**.

On August 18, 2005, Plaintiff initiated the present action against 18 named defendants, as well as an unknown number of unidentified defendants. Plaintiff filed the present motion seeking an injunction ordering Defendants to: (1) not place him in an unventilated cell; (2) not seize his medications; (3) not seize his legal books and papers; and (4) not house him in the vicinity of corrections officer Rutgers. Plaintiff asserts that he has been subject to these actions as retaliation for having initiated the present action.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also Wilson v. Wilkinson*, 2002 WL 123580 at *1 (6th Cir. Jan. 28, 2002) (applying this standard to the evaluation of a motion for temporary restraining order). If such is the case, the court must then examine several factors: (1) whether the

movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Mich. Bell Tel. Co. v. MFS Intelenet of Mich., Inc.*, 16 F. Supp. 2d 828, 831 (W.D. Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion.") (citations omitted).

With respect to Plaintiff's claims that he not be housed in the vicinity of corrections officer Rutgers and that his legal books and papers not be confiscated, there certainly exist sufficient legal remedies to address such alleged injuries. However, given Plaintiff's assertion that he suffers from "severe asthma" and high blood pressure, the Court was not immediately able to conclude that such was the case regarding Plaintiff's denial of medication and inadequate ventilation claims. Accordingly, the Court directed Defendants to respond to Plaintiff's motion.

Defendants' response indicates that while the window in Plaintiff's cell is welded shut, the ventilation system functions properly and satisfies applicable standards. Moreover, the ventilation system is tested regularly to ensure compliance and proper operation. As for Plaintiff's claim that Defendants refused to let him out of his cell to receive his medication, Defendants acknowledge that Plaintiff was not allowed out of his cell to receive his medications. As Defendants further assert,

however, Plaintiff remained in his cell for disciplinary reasons, but was not denied his medications as such were instead delivered to Plaintiff in his cell.

In sum, Plaintiff has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy. The harms from which Plaintiff seeks relief are all remediable through the legal process. Plaintiff has failed to establish that he will suffer irreparable harm in the absence of injunctive relief. He has likewise failed to establish that he is likely to prevail on the merits of his various claims. Furthermore, the Court fails to discern how granting Plaintiff's motion would serve the public interest. Thus, Plaintiff is not entitled to the relief sought. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for a Temporary Restraining Order and a Preliminary Injunction (Dkt. No. 142) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 18, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |