UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL J. WAPPLER,

    Plaintiff,

Case No. 4:05-CV-90

v.

Hon. Richard Alan Enslen

MATTHEW J. BREVARD, *et al.*,

**OPINION**

    Defendants.
_____/

    This matter is before the Court on Plaintiff Michael J. Wappler's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of September 28, 2006. The Court reviews the Objections, the Report and the pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B). Upon such review, the Court concludes the Magistrate Judge properly determined that summary judgment should be granted against Plaintiff with one caveat.

**BACKGROUND**

    On or about October 9, 2006, Plaintiff gave to prison officials for mailing his timely Objections to United States Magistrate Judge Carmody's seven-page Report. The Objections are stated in some 25 pages and cover 15 enumerated topics, many of them related. The Objections also attach three exhibits–exhibits A through C–for reference.

    As noted in the Report, Plaintiff's claims against Defendants Mary Hocking and Dale Hulbert relate to the temporary detention by them of Plaintiff's legal papers stored in a duffle bag, between April 11, 2002 and May 15, 2002. The legal papers in question related to Plaintiff's law suit, *Wappler v. Gorcyca*, 00-cv-70804 (E.D. Mich.), which was dismissed by an Order and Judgment on

March 26, 2002. Plaintiff alleges in his several complaints and multiple briefs that the seizure of the legal materials prevented his appeal of the Judgment. Plaintiff asserts that the seizure violated his Fourth Amendment rights against unreasonable searches and seizures, his First and Fourteenth Amendment rights to access to the courts, and other rights.

Plaintiff has also submitted correspondence from attorney Daniel E. Manville dated March 30, 2002, which informed Plaintiff and his wife that attorney Manville was not appealing the Judgment on Plaintiff's behalf, but would return the case file to the Plaintiff (or his wife) on request. (Objs., Ex. C.) Plaintiff's wife (who was not incarcerated) was a co-recipient of the Manville correspondence since she was a Co-Plaintiff in the Eastern District suit. (*Id.*) Plaintiff, in his "Partial Affidavit and Answer," further suggests that he was prevented from looking at his legal materials during the "seizure" period because of MDOC policy concerning the use of prisoner "passes" to travel to the quartermaster's area and by the failure of Defendant Hocking to inventory the seized papers. (*See* Partial Aff. & Answer ¶¶ 5-9.)

Notwithstanding the above evidence, the record does not support a conclusion that Plaintiff was unable to file a notice of appeal within the appeal period. This is especially true given that he could have requested assistance from the federal court, including the Clerk's office, or could have simply requested the return of his file from his attorney (which he knew his attorney had offered in the correspondence refusing to appeal on Plaintiff's behalf).

**LEGAL STANDARDS**

Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## LEGAL ANALYSIS

Plaintiff has made some fifteen numbered Objections. The following analysis groups those Objections by category for the purpose of analysis. Some of the Objections relate to multiple categories. The Court has only addressed the most significant aspects of the Objections. Plaintiff should infer that other aspects of his Objections are denied as immaterial or insignificant.

**1. Objection Nos. 2 & 3–Conversion Claim**

Plaintiff objects to the Report on the ground that the Magistrate Judge ignored his state law conversion claim. This Objection has merit. Count III of the Verified Second Amended Complaint raises the issue of the taking of the legal property and pleads the taking as a "conversion." (Ver. Second Am. Compl. ¶ 180.) Defense counsel likewise understood the claim, in part, as a state law claim for conversion. (*See* Br. in Supp. of Def. Hocking's Mot. for Summ. J. 6-7.) Defense counsel suggested that the dismissal of the federal claims against Hocking should also result in dismissal of the conversion claim pursuant to 28 U.S.C. § 1367(c)(3). (*Id.*) The obvious problem with this suggestion, though, is that the precondition for the subsection's operation (dismissal of all federal

claims) has not occurred–given the pendency of federal claims against Defendants Tucker and Brevard, which were not the subject of the summary judgment motion.  As such, the grant of summary judgment in favor of Defendants Hocking and Hulbert will be amended to make clear that it does not pertain to the state law conversion claims against them, which remain outstanding.

    **2.  Objections No. 4 & 6–Procedural Due Process Claim**

Plaintiff also accuses the Magistrate Judge of overlooking his claim, contained in ¶ 179 of the Verified Second Amended Complaint, that Defendants violated his rights of procedural due process under the Fourteenth Amendment.  It does appear that the Magistrate Judge did not understand Plaintiff's intent to assert a Fourteenth Amendment claim distinct from his First Amendment access to the courts claim.  While this may be true, this misunderstanding has not adversely affected Plaintiff's legal interests.  Plaintiff has not sufficiently alleged a procedural due process claim.  His allegations fail to plead sufficiently that Michigan's post-deprivation remedies for unauthorized deprivations of his property (*i.e.,* he alleges that Defendants openly violated policy in holding his property without notice or hearing) are inadequate to redress his injury.  *See Copeland v. Machulis,* 57 F.3d 476, 479-80 (6th Cir. 1995) (discussing doctrine of *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981)).  As such, no relief is appropriate as to this Objection.

    **3.  Objection No. 7–Citation to Unpublished Cases**

Plaintiff argues that his rights to fair process in this suit have been trammeled by the citation to two unpublished authorities–*Thomas v. Rochelle*, 47 Fed. Appx. 315, 317 (6th Cir. Sept. 18, 2002) and *Colvin v. Schaublin*, 113 Fed. Appx. 655, 658 (6th Cir. Sept. 21, 2004)--to which he has no access.  In order to ensure Plaintiff a full and fair opportunity to review those authorities, the Court will grant the Objection to the extent that the unpublished cases will be provided as attachments to

this Opinion for Plaintiff's full consideration. This does not necessitate, however, the provision of an additional objection period since the meaning of the authorities was conveyed in the Report.

### 4. Objection No. 15–Premature Ruling

Plaintiff argues that the ruling as to his federal claims against Defendants Hulbert and Hocking is premature because discovery is ongoing. The Court accepts Plaintiff's statement, together with statements in Plaintiff's Partial Affidavit and Answer, ¶ 29, as a proper request for a continuance under Federal Rule of Civil Procedure 56(f). Notwithstanding the request, the Court does not believe that this request should be granted given the assertion of qualified immunity defenses in this suit, Defs.' Affirm. Defenses, Dkt. No. 106, ¶ 1. *See Myers v. Potter*, 422 F.3d 347, 357-58 (6th Cir. 2005) (stating that pendency of qualified immunity defenses hastens the need for substantive rulings); *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1988) (same). This result is also appropriate in this instance because the Rule 56(f) affidavit did not state in particular the information sought in further discovery, nor the impact of that information on the issues under consideration. *See Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999). As such, this Objection is denied.

### 5. Objection Nos. 1 & 6--Fourth Amendment Claim

Plaintiff argues that the Magistrate Judge improperly interpreted case laws discussing the Fourth Amendment and because he is challenging a seizure of his property outside of his cell, his claims have merit. As noted, these arguments fly in the face of the decisions of the United States Supreme Court that a prisoner does not have an expectation of privacy as to personal property and papers in prison. *See Hudson v. Palmer,* 468 U.S. 517, 525-26 (1984); *Soldal v. Cook County*, Ill. 506 U.S. 56, 65 (1992) (citing *Hudson*). The Supreme Court did not mean in writing those words

that prisoners have an expectation of privacy outside of their cells, it meant that a prisoner had no Fourth Amendment expectation of privacy in prison at all (given the overwhelming needs of the State to ensure safety and security in prison facilities). The cases that have protected the privacy of a prisoner's legal correspondence have done so not under the Fourth Amendment, but under the First Amendment. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 350-51 & 383-84 (1996); *Johnson v. Avery*, 393 U.S. 483, 484-90 (1969); *Kensu v. Haigh,* 87 F.3d 172, 174 (6th Cir.1996). Accordingly, Plaintiff's Objection will be denied.

**6. Objection Nos. 3, 5, 8, 9, 10, 11, 12, 13 & 14--First Amendment Right of Access**

Plaintiff complains that the Magistrate Judge misunderstood the summary judgment record by ignoring his Partial Affidavit and Answer and the attorney correspondence from Daniel Manville. He also complains that the Magistrate Judge's selective analysis of the facts is not consistent with *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and other case law requiring a protective reading of prisoner pleadings. The Court has taken notice of the Partial Affidavit, the attorney correspondence, and other supporting evidence, in a light most favorable to Plaintiff.

Upon such review, the Court nevertheless concludes that Plaintiff cannot succeed because he cannot establish an actual injury. What Plaintiff misses in his analysis is that most First Amendment cases derive an actual injury from a failure to prepare a pleading or file a suit in a timely manner. The filing of a notice of appeal, on the other hand, is the most basic of legal tasks under Federal Rule of Appellate Procedure 3. All Plaintiff needed to specify was his name as the appealing plaintiff, the judgment appealed, and the name of the court in which review is sought (Sixth Circuit Court of Appeals). *See Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006); *see also Dillon v. United States*, 184 F.3d 556, 558 (6th Cir. 1999) (*en banc*).

Plaintiff's contention that he could not have conveyed that information to the Eastern District Clerk within the 30-day appeal period is simply mistaken. He may not have known the case number, but such information is made routinely available by the Clerk's Office upon request. Further, this information was available to him through attorney Manville, who had offered to provide Plaintiff with his court file on request. Plaintiff was not prevented by the institution from filing a notice of appeal or seeking the limited assistance necessary to prepare his notice of appeal. As such, his right of access claims under the First Amendment fail as a matter of law.

**CONCLUSION**

Accordingly, Plaintiff's Objections will be granted in part and denied in part. A Partial Judgment shall enter which dismisses all federal claims against Defendants Hocking and Hulbert, but retains a state law claim against them for conversion.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 30, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |