UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL J. WAPPLER,

              Plaintiff,

                                    Case No. 4:05-CV-90

v.

                                    Hon. Richard Alan Enslen

MATTHEW J. BREVARD, *et al.*,

              Defendants.

                                    **ORDER**

_____/

Before the Court are the following motions of Plaintiff Michael J. Wappler : (1) Request for Hearing by Phone, for Order Requiring Witness; and Affidavit in Response to Falsified Averments by S. Keegstra; (2) Motion for Reconsideration of Order Dated October 18, 2006 Denying Preliminary Injunction; and (3) Objections to and Appeal of Order Denying Plaintiff's Motion Seeking Court to Request an Attorney.  The Court now addresses such motions.

Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." Plaintiff's Motion for Reconsideration fails to meet this standard.  The factual disagreements identified in his papers were apparent earlier.  The record does not show any palpable defect simply because Plaintiff urges a contrary conclusion.

Furthermore, even were the Court to revisit the proofs *de novo*, a different result is not warranted.   No sufficient showing has been made that the in cell conditions have caused Plaintiff irreparable harm, including any medically verified aggravation of physical illness.  Further, the evidence that Plaintiff's treatment was in retaliation for his suit against friends of Officer Rutgers is

not persuasive, such that he is not likely to succeed on the merits.  Nor does the public interest favor

the granting of any equitable relief given that federal courts are required to provide state officials with

ample freedom to operate prison facilities.  As such, the balance of the equitable factors did not and

does not warrant relief.  *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 400 (6th

Cir. 1997).  The Court further finds that even the most recent evidence filed by Plaintiff is not

persuasive and does not warrant further process (a full evidentiary hearing) to decide his injunction

request.  *See Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995) (discussing discretion to

deny hearing when matters are fully presented by written materials).  As such, the Motion for

Reconsideration and Request for Hearing will be denied.

Plaintiff's Objections to the denial of counsel are also not persuasive.  Plaintiff has been able

to respond to pleadings, motions and orders on a regular basis, and on some occasions persuasively.

His papers show that he is able to represent himself capably even when in administrative segregation.

His lawsuit is not complex, nor does it appear generally that the likelihood of success is sufficient to

warrant appointment of counsel.  Overall, the Magistrate Judge's determination that the factors

pertinent under *Lavado v. Keohane*, 992 F.2d 601, 605-06 (1993) did not warrant appointment of

counsel was not clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Michael J. Wappler's Motion for

Reconsideration and Request for Hearing (Dkt. Nos. 171 & 163)are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Dkt. No. 166) are **DENIED** and

the Order of October 6, 2006 denying appointment of counsel (Dkt. No. 160) is **AFFIRMED**.

DATED in Kalamazoo, MI:
  November 14, 2006

    /s/ Richard Alan Enslen
    RICHARD ALAN ENSLEN
    SENIOR UNITED STATES DISTRICT JUDGE

2