UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL J. WAPPLER,

        Plaintiff,

Case No. 4:05-CV-90

v.

Hon. Richard Alan Enslen

MATTHEW J. BREVARD,
*et al.*,

**ORDER**

        Defendants.
_____/

        Plaintiff Michael J. Wappler has appealed three November 21, 2006 Orders of United States Magistrate Judge Ellen S. Carmody. Those Orders concern decisions on Plaintiff's motions seeking relief concerning discovery and requesting that the Court strike Defendant Karen Tucker's assertion of affirmative defenses. Oral argument is unnecessary to decide the appeal.

        Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is necessarily deferential and does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

        Upon review of the three Orders in question, the Court finds that the actions taken were not clearly erroneous or contrary to law. The denial of Plaintiff's request to strike Defendant Tucker's affirmative defenses was correct and a contrary result would violate Federal Rule of Civil Procedure

12(f). Rule 12(f) is a disfavored remedy which is rarely appropriate. *See Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *United States v. American Elec. Power Serv. Corp.,* 218 F. Supp. 2d 931, 936 (N.D. Ohio 2002). When a defense is at worst redundant, it will not be stricken unless it clearly adds nothing additional to the defense. *See Williamson*, 201 F.2d at 822; *see also U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.,* 297 F. Supp. 2d 531, 533 (E.D.N.Y. 2003) (requiring showing of prejudice for relief under Rule 12(f)). Furthermore, Rule 12(f) motions which are premised on factual assertions are properly denied since the determination of contested facts is not appropriate under Rule 12(f). *See Williamson*, 201 F.2d at 822; *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *U.S. Commodity Futures Trading*, 297 F. Supp. 2d at 533. In light of such law, the Magistrate Judge very appropriately denied this relief.

Regarding Plaintiff's Request for Ruling on Defendant Tucker's Objections with Request for Order Compelling Answers to Plaintiff's First Set of Discovery, the Magistrate Judge granted Plaintiff partial relief. She ordered Defendant Tucker to comply with the Rule 33(b)(1)-(2) requirement that she sign the discovery responses under oath. She also ordered Defendant Tucker to respond to Interrogatory #8 and requests for admissions #10 and 32. In so ruling, the Magistrate Judge upheld the other objections interposed by the defense to other interrogatories and requests for admissions made by Plaintiff. Upon review of the underlying materials, including the proper responses and objections to the pertinent discovery requests, the Court finds that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. No other relief is warranted on this record.

Finally, Plaintiff challenges the Magistrate Judge's discretionary denial of his requests for leave to obtain additional discovery from Defendants Tucker and Dale Hulbert. The Advisory Committee Notes to the 1993 amendments to Rule 33 make plain that additional discovery may be permitted consistent with the standards of Rule 26(b)(2), but "judicial scrutiny" must be applied to such requests. Plaintiff has already obtained much discovery and the parameters of such discovery is a matter best left to the sound discretion of the Magistrate Judge. This was an appropriate instance of applying judicial scrutiny to prevent excessive discovery where substantial discovery has already been provided.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Michael J. Wappler's Objections (Dkt. No. 184) are **DENIED** and the Orders of the Magistrate Judge (Dkt. Nos. 179, 180 & 181) are **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 16, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |