UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WAPPLER,

       Plaintiff,                                Hon. Richard Alan Enslen

v.                                                  Case No. 4:05 CV 90

MATTHEW BREVARD, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants Hocking and Hulbert's Rule 56(b) Motion for Summary Judgment</u>, (dkt. #206), and Plaintiff's <u>Motion to Strike Defendant Hocking's Second Motion for Summary Judgment</u>, (dkt. #216). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Plaintiff's motion be **denied** and Defendants' motion **granted in part and dismissed as moot in part**.

## BACKGROUND

In his second amended complaint, Plaintiff asserted various claims against several defendants. With respect to Defendants Hocking and Hulbert, Plaintiff asserted that Defendants violated his Fourteenth Amendment right to due process, his First Amendment right to access the courts, and his Fourth Amendment right to be free from unreasonable search and seizure. (Dkt. #89). Plaintiff also asserted a state law claim for conversion. *Id.* On October 30, 2006, the Honorable Richard Alan Enslen

dismissed with prejudice all federal law claims asserted against Defendants Hocking and Hulbert. (Dkt. #168). The Court nonetheless retained jurisdiction over Plaintiff's state law conversion claim. *Id.*

On March 30, 2007, Defendants Hocking and Hulbert moved for summary judgment as to Plaintiff's state law conversion claim. (Dkt. #206). On April 9, 2007, Plaintiff voluntarily dismissed his claims against Defendant Hulbert. (Dkt. #211). On April 18, 2007, Plaintiff moved to strike Defendant Hocking's motion for summary judgment on the grounds that such is barred by res judicata. (Dkt. #216). For the reasons discussed herein, the Court recommends that Plaintiff's motion to strike be denied and that Defendant Hocking's motion for summary judgment be granted.

**STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent, however, has the burden to

show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989).

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252. Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.        Plaintiff's Motion to Strike**

Plaintiff seeks to strike Defendant Hocking's motion for summary judgment on the grounds that it is barred by res judicata. Specifically, Plaintiff asserts that Defendant Hocking's motion "is little more than an attempt to circumvent the Court Rules by seeking reconsideration of a matter already determined by the Court in its prior opinions and orders, now the law of the case."

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). To apply res judicata, four elements must be satisfied: (1) a final decision on the merits by a court of competent jurisdiction;

(2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560 (citation omitted).

Contrary to Plaintiff's assertions, the Court has not previously ruled on Plaintiff's state-law conversion claim. While the Court previously determined that it would retain jurisdiction over Plaintiff's state law claim, such hardly constitutes a "decision on the merits" of such claim. The Court, therefore, recommends that Plaintiff's motion to strike be **denied**.

**II.        Plaintiff's State Law Conversion Claim**

With respect to Plaintiff's state law conversion claim against Defendant Hocking, the following allegations are contained in Plaintiff's second amended complaint. On April 11, 2002, Plaintiff was transferred to the Muskegon Correctional Facility (MCF). (Dkt. #89 at ¶ 45). The following day, Defendants Hocking and Hulbert seized one of Plaintiff's duffel bags, in which his legal papers were located. *Id.* at ¶¶ 46-50. Plaintiff objected to the seizure of his legal materials. *Id.* at ¶ 51. Defendant Hocking told Plaintiff that a hearing regarding the seized material would be conducted; however, a hearing was never held. *Id.* at ¶¶ 52-59. On May 15, 2002, Defendants Hocking and Hulbert returned Plaintiff's legal materials. *Id.* at ¶ 60. Plaintiff asserts that Defendant Hocking's actions constitute conversion of his personal legal papers.

The tort of conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein. *See Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, 603 (Mich. Ct. App. 1999) (quoting *Foremost, Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600 (Mich. 1992)). Conversion occurs "at the point that such wrongful dominion is

asserted." *Wiencek v. Willis*, 1997 WL 33344868 at *2 (Mich. Ct. App., July 25, 1997) (citations omitted); *Gum v. Fitzgerald*, 262 N.W.2d 924, 927 (Mich. Ct. App. 1978) (citations omitted).

As a prisoner, Plaintiff is not permitted to possess any personal property he desires. Instead, the amount and type of property which Plaintiff may possess is determined by state law and regulation. *See* Mich. Comp. Laws § 800.42. Plaintiff has no right to possess property which does not conform with such laws or regulations. *See Martin v. Stine*, 542 N.W.2d 884, 890, (Mich. Ct. App. 1995). Prison officials, therefore, have the right to confiscate prisoner property in violation of the relevant laws or regulations. *Id.*

Defendant Hocking seized the property at issue because Plaintiff transferred to MCF in possession of an amount of property which exceeded Michigan Department of Corrections (MDOC) regulations. (Dkt. #207, Exhibit 5). This is not disputed. Prison officials were, therefore, authorized to seize Plaintiff's property to determine whether Plaintiff was permitted to possess such. As this seizure was entirely appropriate, Defendant Hocking's action cannot have constituted conversion. Following an administrative hearing it was determined that a portion of the seized property was, in fact, possessed by Plaintiff in violation of MDOC regulations. (Dkt. #207, Exhibit 6). The remaining property was returned to Plaintiff.

The Court understands Plaintiff's frustration at being temporarily deprived of certain property which it was ultimately determined he could properly possess. It bears repeating, however, that the Court has already found that this temporary deprivation did not violate Plaintiff's right of access to the courts, right to procedural due process, or the right to be free from unreasonable search and seizure. Furthermore, Plaintiff's frustration is far outweighed by the legitimate interest in maintaining good order and security in the prison setting. One of the most fundamental methods by which such order and

security is maintained is through the inspection and control of prisoner personal property. Under Michigan law, Defendant Hocking had the authority to seize Plaintiff's property to determine whether such complied with the relevant laws and regulations. Plaintiff's frustration in being temporarily deprived of personal property it was later determined he was permitted to possess is, at least in this instance, one of the inconveniences which Plaintiff must bear as a result of his incarceration.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Strike Defendant Hocking's Second Motion for Summary Judgment, (dkt. #216), be **denied**. The undersigned further recommends that Defendants Hocking and Hulbert's Rule 56(b) Motion for Summary Judgment, (dkt. #206), be **granted as to Defendant Hocking and dismissed as moot as to Defendant Hulbert**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 8, 2007         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge